IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


CHARLES SPENCER,

        Plaintiff,                      CV F 02 6258 AWI WMW P

    vs.                                FINDINGS AND RECOMMENDATIONS


E. ALAMEIDA, et al.,

        Defendants.


        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the May 17, 2005, first amended complaint filed in response to an earlier order dismissing the original complaint.   Plaintiff, an inmate in the custody of the California Department of Corrections at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at Avenal State Prison.

        Plaintiff's sole claim in this complaint is that he has been wrongfully convicted of possession of drug paraphernalia at a prison disciplinary hearing.   Plaintiff alleges that he was originally placed into Administrative Segregation as a result of an incident of battery on another inmate.  Plaintiff contends that he was mistakenly identified as an inmate with the nickname

1  "Ghost."   Once taken to AdSeg, plaintiff was directed to provide a urine sample.   The urine

2  sample was taken on November 2, 2001.   On November 13th, the test results were received.

3  Plaintiff alleges that there are inconsistent results.   Plaintiff alleges that the collection dates were

4  incorrect, and one test reported a positive for THC and another for morphine.

5          The disciplinary charge at issue resulted from a routine inspection conducted on

6   November 20, 2001.   The correctional officer that conducted the search discovered "a bindle of

7  brown leafy substance which looked like tobacco" in a pocket of a pair of pants.   The pants were

8  located in a laundry bag hanging on the end of Plaintiff's bunk.   A metal smoking pipe was

9  located in a pair of socks.   The socks were in another laundry bag hanging from Plaintiff's bunk.

10          The next day, Plaintiff was summoned to the Program Office and ordered to

11  provide a urine sample.   Plaintiff advised the Sergeant that he had previously provided urine

12  samples.   Plaintiff was charged with refusal to submit to a urinalysis test.

13          Plaintiff alleges that the charges regarding drug paraphernalia were eventually

14  dismissed "due to lack of evidence being that the evidence found was in a 'open dorm setting."

15  Plaintiff also makes vague references to inconsistent statements.

16          In the order dismissing the original complaint, Plaintiff was advised the complaint

17  failed to state a claim for relief.   Plaintiff was specifically advised that he could not bring a suit

18  for damages for wrongful conviction unless the conviction had been reversed, expunged, or

19  otherwise invalidated.

20          Where, as here, "success in a . . . [section] 1983 damages action would implicitly

21  question the validity of conviction or duration of sentence, the litigant must first achieve

22  favorable termination of his available state, or federal habeas, opportunities to challenge the

23  underlying conviction or sentence." Muhammad v. Close, 124 S.Ct. 1303, 1304 (2004) (citing to

24  Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997)

25  (applying Heck to a prison disciplinary hearing where good-time credits were affected).   Because

26

2

1    the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence,

2    plaintiff's due process claim is barred until such time as plaintiff invalidates the result of the

3    disciplinary hearing.

4              Though plaintiff does allege that the possession charge was eventually dismissed,

5    he does not allege any facts indicating that the dismissal was based upon any due process

6    violation.  The Due Process Clause of the Fourteenth Amendment protects prisoners from being

7    deprived of life, liberty, or property without due process of law.  <u>Wolff v. McDonnell</u>, 418 U.S.

8    539, 556 (1974).  Plaintiff has not alleged any facts that would support a claim that he was

9    deprived of a protected interest without procedural due process.[1]   The basis of dismissal was an

10   evidentiary ruling - the prohibited items were found in an open dorm setting.   Plaintiff also

11   refers to inconsistent statements, but makes no reference or allegations of due process

12   violations[2].

13             The court finds that plaintiff has failed to cure the defects identified in the original

14   complaint.   Plaintiff's own allegations and exhibits do not indicate a due process violation.

15   Because Plaintiff can not cure the defects by further amendment, the court recommends

16   dismissal of the claims made in the original complaint with prejudice for failure to state a federal

17   claim upon which the court could grant relief.  <u>See</u> <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th

18   Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to

19   dismissing for failure to state a claim).

20

21             [1]<u>Wolff</u> sets forth the elements of due process to which a prisoner is entitled in disciplinary

22   hearings as follows:  1)  Written notice of the charges; 2) At least 24 hours between the time the
     prisoner receives written notice and the time of the hearing, so that prisoner may prepare his defense;

23   3)  A written statement of fact findings;  4)  The right to call witnesses and present documentary
     evidence where such is not unduly hazardous to institutional safety or correctional goals; and 5)

24   Legal assistance if the accused is illiterate or the issues are complex.  <u>Wolff</u>, 418 U.S. at 556

25             [2] Plaintiff refers to Exhibit N.  Exhibit N is a copy of a CDC-115, Rules Violation Report,
     reviewed by Lt. Ruiz.   The review indicates that the charges were dismissed "due to lack of

26   evidence."  Specifically, the item at issue was discovered in a common living area.

1    Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

2    failure to state a claim upon which relief can be granted.

3    These findings and recommendations are submitted to the United States District

4    Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

5    twenty days after being served with these findings and recommendations, plaintiff may file

6    written objections with the court.  Such a document should be captioned "Objections to

7    Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

8    objections within the specified time waives all objections to the judge's findings of fact.  <u>See</u>

9    <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the

10   specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

11   F.2d 1153 (9th Cir. 1991).

12

13   IT IS SO ORDERED.

14   **Dated:    May 23, 2005**              **_____/s/  William M. Wunderlich_____**
     mmkd34                                      UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26