IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES SPENCER,

    Plaintiff,                                    CV F 02 6258 AWI WMW P

    vs.                                           ORDER RE: FINDINGS &
                                                  RECOMMENDATIONS (#26)

E. ALAMEIDA, et al.,

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

        On May 23, 2005, findings and recommendations were entered, recommending dismissal of this action for failure to state a claim upon which relief can be granted. Plaintiff was provided an opportunity to file objections within thirty days. On June 6, 2005, plaintiff filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. While the complaint is not entirely clear, this action appears to stem from urine samples give by Plaintiff. The samples tested positive for drugs. Plaintiff claims that these

results are in error.   Plaintiff also appears to dispute a request for a urine test based on the finding of a brown leafy substance.   Plaintiff was found guilty of refusing the urine test, but Plaintiff was found not guilty of possession of the leafy substance.   Plaintiff contends he should not have been found guilty for refusing the test when he was found not guilty of having the brown leafy substance.   While it is unclear why Plaintiff mentioned the earlier urine tests, it appears these allegedly improper tests were used when finding Plaintiff guilty of refusing the urine test and may have even resulted in additional charges.   Where, as here, "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected).  Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, Plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing.  In addition, as pointed out in the Findings and Recommendations, Plaintiff has alleged no facts demonstrating that he was denied any of the procedural protections he was due under federal law.

   Accordingly, THE COURT HEREBY ORDERS that:

   1. The Findings and Recommendations issued by the Magistrate Judge on May 23, 2005, are adopted in full; and

   2. This action is dismissed for failure to state a claim upon which relief can be granted.  The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:   June 17, 2005**         /s/ Anthony W. Ishii
0m8i78     UNITED STATES DISTRICT JUDGE